FILED

April 4, 2016

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 9:18 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Denita Howard,<br>    Employee, | )<br>) | Docket No.: 2014-01-0002 |
| v. | )<br>) | State File No.: 52073-2015 |
| U.S. Xpress, Inc.,<br>    Employer, | )<br>)<br>) | Judge Thomas Wyatt |
| And | )<br>) | |
| Liberty Mutual Ins. Co.<br>    Carrier. | )<br>) | |

## ORDER OF DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE CLAIM

THIS CAUSE came before the undersigned Workers' Compensation Judge, telephonically, on April 1, 2016, upon the Motion to Dismiss for Failure to Prosecute filed by the employer, U.S. Xpress, Inc. (USX), on February 29, 2016. Denita Howard, who is self-represented, and Charles Gilbreath, an attorney representing USX, participated in the hearing.

USX asked for dismissal of Ms. Howard's case with prejudice because: (1) she did not participate in the Initial (Scheduling) Hearing scheduled by the Court on February 16, 2016; (2) she did not file the written statement that she intended to prosecute her claim by committing to meet all scheduled deadlines as ordered by the Court in its Initial (Scheduling) Order; and, (3) the only physician opinion in the record on the issue of the permanency of Ms. Howard's injury is that of Dr. Galipudi, the authorized treating physician, who opined that Ms. Howard did not retain permanent impairment as a result of her work-related injury.

Ms. Howard stated she had no response to Mr. Gilbreath's arguments. The Court asked Ms. Howard if she had sought medical expert opinion that her work injury is permanent, to which she responded that she had unsuccessfully attempted to return to Dr. Galipudi.

1

## Findings of Fact and Conclusions of Law

Ms. Howard filed her claim on February 10, 2015. She requested an Expedited Hearing on June 25, 2015, which the Court conducted by telephone on September 6, 2015. The Court issued an Expedited Hearing Order on October 16, 2015, which denied Ms. Howard's claim for temporary disability benefits while affirming her right to ongoing authorized medical care of her compensable injury.

The Court conducted a telephone conference on December 16, 2015, to determine if it should schedule a Compensation Hearing in Ms. Howard's claim. Ms. Howard stated she did not know if her treating physician had rated her injury for impairment. The Court scheduled an Initial (Scheduling) Hearing on February 16, 2016, to provide Ms. Howard an opportunity to inquire about an impairment rating.

The Court conducted the telephonic Initial (Scheduling) Hearing on February 16, 2016. Attorney Charles Gilbreath called in at the scheduled time for the hearing. Ms. Howard did not call in. The Court attempted unsuccessfully to contact Ms. Howard by telephone. After waiting several more minutes for Ms. Howard to call in for the hearing, the Court conducted the Initial (Scheduling) Hearing by scheduling a Compensation Hearing and attendant deadlines.

The Court issued an Initial Hearing (Scheduling) Order on February 17, 2016. Because Ms. Howard failed to call in for the Initial (Scheduling) Hearing, the Court ordered that she file a written statement confirming her intent to prosecute her claim by committing to meet all deadlines scheduled in the Initial Hearing (Scheduling) Order. The order ordered Ms. Howard to file her statement within ten days from the date of the issuance of said order. Ms. Howard did not file a written statement of her intent to prosecute her claim within the prescribed period and has not filed the required statement to date.

In *Smith v. The Newman Group, LLC,* No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *8-9 (Tenn. Workers' Comp. App. Bd. September 21, 2015), a majority of the Appeals Board held that trial judges in the Court of Workers' Compensation Claims possess discretion to control the pace of litigation in their courts to ensure equitable and efficient disposition of the claims litigated therein. In this claim, Ms. Howard failed to call in for the scheduled Initial (Scheduling) Hearing. This hearing is important in that it is a "hearing before a workers' compensation judge where the judge will consider issues related to the efficient processing of the case." Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2015). The Bureau's rules implicitly require the parties or their attorneys to meet with the Court during the Initial (Scheduling) Hearing to "agree upon a discovery plan and a scheduling order designed to ensure timely and efficient resolution of the case." Tenn. Comp. R. & Regs. 0800-02-21-.13(1) (2015).

2

In ordering Ms. Howard to file written confirmation of her intent to comply with the deadlines set forth in the Initial (Scheduling) Order, the Court meant to gauge Ms. Howard's commitment to take the necessary steps to move her claim forward. The Court considered the above requirement a valid exercise of its discretion to efficiently manage its docket. The Court finds that Ms. Howard's failure to comply with the Court's order is an indication that she is unwilling or unable to take reasonable steps to move her claim forward.

USX correctly points out that Dr. Galipudi, the authorized treating physician, issued a January 7, 2015, report stating his opinion that Ms. Howard did not retain any permanent impairment as a result of her work injury. USX served Ms. Howard with a copy of the report in September, 2015, so she has known of Dr. Galipudi's opinion for at least six months. The Court asked Ms. Howard during the hearing on the motion to dismiss what efforts she had taken to obtain medical expert opinion that she was permanently impaired as a result of her work injury. Ms. Howard responded that she had attempted to return to Dr. Galipudi. The Court considers such action a less-than-reasonable attempt to establish an essential element of her claim, given she has known for several months that Dr. Galipudi opined she did not retain permanent impairment due to her work injury.

Rule 41.01 of the Tennessee Rules of Civil Procedure (2015) provides that a defendant may move for and, implicitly, a court may grant dismissal of a claim "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of [the] court." Rule 41.03 (2015) provides that an order of dismissal other than a dismissal for lack of jurisdiction, improper venue or lack of an indispensable party "operates as an adjudication on the merits."

In view of Ms. Howard's failure to participate in the Initial (Scheduling) Hearing; her failure to file the written statement of intent to prosecute her claim as required by the Court's Initial Hearing (Scheduling) Order; and the paucity of her efforts to obtain a favorable medical expert opinion that she retains permanent impairment due to her work injury, the Court finds Ms. Howard has failed to prosecute her claim in a reasonable manner. Accordingly, the Court dismisses her claim with prejudice to its refiling.

The Court taxes the $150 filing fee in this claim to USX and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Tennessee Compilation Rules and Regulations (2015). USX or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

**IT IS SO ORDERED.**

**ENTERED this the 4th day of April, 2016.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of

4

the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order of Dismissal was sent to the following recipients by the following methods of service on this the 4th day of April, 2016.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Denita Howard, Self-Represented | X | X | Denita.Howard@gmail.com |
| Charles Gilbreath, Attorney | | X | cgilbreath@noogalaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5